## ALLARDYCE v. ABRAHAM et al.*
### No. 1799.

Court of Appeal of Louisiana. First Circuit.

March 9, 1938.

For former opinion, see 178 So. 170.

Bass & Patin, of Lake Charles, for appellant.

Griffin T. Hawkins, of Lake Charles, for appellee.

PER CURIAM.

In this cause, pending an application for rehearing filed on behalf of the intervener, appellant herein, this court's attention was called to the fact that while we had the case under advisement, and prior to the date on which judgment was rendered affirming the judgment of the lower court, the plaintiff, appellee, Mrs. J. D. Allardyce, had died, and that .since the rendition of the judgment by this court, her husband, John D. Allardyce, had been appointed and had qualified as administrator of her succession.

Through the same counsel who had represented his deceased wife, her husband, now the administrator of her succession, joined in the motion for a rehearing, but asked that the same be limited to the one point of substituting him 'in his capacity as administrator, as party plaintiff, appellee herein.

Due proof of the appointment of John D. Allardyce as the administrator of the succession of his deceased wife, and that he has qualified as such having been made, it becomes necessary that the former judgment and decree of this court herein handed down on January 11, 1938, be annulled and set aside, and that proper judgment be rendered in favor of the party plaintiff, appellee now before the court.

For these reasons, it is now ordered that a rehearing be granted in this case; the same to be restricted, however, to the making of the proper party appellee herein.

*Writ of certiorari granted by Supreme Court May 2, 1938.

It is further ordered that John D. Allardyce, administrator of the succession of Mrs. J. D. Allardyce, be, and he is hereby, substituted and made party plaintiff, appellee herein in place of Mrs. J. D. Allardyce, deceased, and with him as party thus designated, it is now ordered that our former judgment and decree as herein handed down on January 11, 1938, be reinstated and made the final judgment of this court.

The application for rehearing filed on behalf of the intervener, appellant herein, is denied, and rehearing refused.